MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The Federal District Court in Cookson v. Lewistown School District No. 1 (D. Mont. 1972), 351 F.Supp. 983, stated at page 984:
“It is quite clear that Montana has adopted an employment policy with respect to teachers which frees a school board from any tenure problems during the first three years of a teacher’s employment. These three years are the testing years during which not only may the teacher’s merits be weighed but the school’s need for a particular teacher assessed. It may be, and perhaps this reasoning underlies the Montana policy, that in the interests of creating a superior *35 teaching staff a school board should be free during a testing period to let a teacher’s contract expire without a hearing, without any cause personal to the teacher, and for no reason other than that the board rightly or wrongly believes that ultimately it may be able to hire a better teacher.” (Emph. added.)
Thereafter, the Montana legislature enacted Section 20-4-206(3), MCA, which requires that a non-tenured teacher, upon request, be furnished with the reason for the teacher’s non-renewal.
In 1977, the legislature rejected House Bill 443 which proposed to amend the statute to require that non-tenured teachers be provided with specific reasons for non-renewal of their teaching contracts. At that time, Section 20-4-204, MCA, relating to dismissal of tenure teachers, required, upon request, “a written statement declaring clearly and explicitly the specific reason or reasons for the termination.(Emphasis supplied.)
The three subsequent sessions of the legislature did not enlarge the notice requirement, and I do not believe that this Court should do so by judicial opinion.
In my view, the reason given was sufficient under Section 20-4-206(3), MCA and I would therefore affirm.
MR. JUSTICE HARRISON joins in the foregoing dissent of MR. JUSTICE GULBRANDSON.